

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAVILLE McKNIGHT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-697-A |
| | § | (NO. 4:13-CR-105-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Saville McKnight under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, and pertinent parts of the record in Case No. 4:13-CR-105-A, styled "United States of America v. Saville McKnight," the court has concluded that the motion should be dismissed as untimely.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On March 22, 2013, movant waived indictment and pleaded guilty to a superseding information charging him with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[1] 28. On

---

[1]The "CR Doc." reference is to the number of the item on the docket sheet in the underlying
(continued...)

June 28, 2013, the court imposed and signed the judgment sentencing movant to a term of imprisonment of 480 months, to be followed by a five-year term of supervised release. CR Doc. 60. Movant filed a notice of appeal, CR Doc. 62, but later dismissed the appeal. CR Doc. 69. The court subsequently granted movant's motion to reduce sentence, reducing his term of imprisonment by 24 months. CR Doc. 86. Movant appealed and the court's modification of judgment was upheld. CR Doc. 90, 91.

II.

Grounds of the Motion

Movant sets forth four grounds in support of his motion. Three assert ineffective assistance of counsel and one says "due process violation in light of the decision in Johnson v. United States 135 S. Ct. 251 (2015)." Doc.[2] 1 at 5-11. All reference an attached handwritten statement of facts with incorporated memorandum of law. Id. at 17-30. That handwritten statement, in turn, says that movant is asserting six grounds for relief, id. at 18, including a fifth ground for ineffective assistance of counsel, id. at 29, and a sixth ground alleging cumulative error, id. at 30.

---

[1](...continued)
criminal case, No. 4:13-CR-105-A.

[2]The "Doc." reference is to the number of the item on the docket in this civil action.

2

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441

3

(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

The Supreme Court has made abundantly clear that the limitation period of § 2255 is to be strictly construed in accordance with the words used by Congress. Dodd v. United States, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684 (5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions"). Section 2255(f) provides that a one-year limitation period applies, which ordinarily runs from the date on which the judgment of conviction becomes final.

In this case, movant appealed his judgment and conviction, but later decided to withdraw the appeal. The Court of Appeals for the Fifth Circuit granted movant's motion to withdraw his appeal and the mandate issued on December 27, 2013. CR Doc. 69. Accordingly, that is the date movant's judgment became final[3] and his motion under § 2255 had to have been filed within one year

---

[3] The later modification of movant's judgment does not affect the running of limitations for purposes of 28 U.S.C. § 2255. United States v. Jackson, No. 5:09-CV-25 (DCB), 2010 WL 2522720, at *2-3 (S.D. Miss. June 15, 2010)(citing 18 U.S.C. § 3582(b) and cases). See also United States v. Plascencia, 537 F.3d 385, 387-89 (5th Cir. 2008).

4

thereafter unless some other provision of § 2255(f) entitled him to a further extension. See <u>Bocanegra v. United States</u>, No. 3:09-CV-593-K, 2009 WL 1632111 (N.D. Tex. June 1, 2009); <u>United States v. Martin</u>, No. 3:05-CV-836-P, 2008 WL 4211153, at *3-4 (N.D. Tex. Sept. 12, 2008).

Movant refers to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), as providing him a ground for relief. However, the date for filing a motion under <u>Johnson</u> expired June 27, 2016. Movant's motion reflects that is was signed on July 14, 2016.

V.

Order

The court ORDERS that the motion under § 2255 be, and is hereby, dismissed as untimely.

SIGNED July 25, 2016.

_____
JOHN McBRYDE
United States District Judge